**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 24-cv-12450 <br><br> Honorable Judge Matthew F. Kennelly <br><br> Magistrate Judge Young B. Kim |

**DEFENDANT TEMITOY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Temitoys ("Defendant"), through the undersigned counsel, files this Response in Opposition to Plaintiff Mattel, Inc.'s ("Plaintiff") Motion to Compel [41].

## II. ARGUMENTS

On December 9, 2024, this Court granted an *Ex Parte* Sealed Temporary Restraining Order of Defendant, granting limited expedited discovery of Defendant and freezing about $1 million dollar of Defendant. [20] Indeed, Defendant was not made aware of this lawsuit via Summons until December 18, 2024. [25]. Before Summons was even issued, Plaintiff sought a Preliminary Injunction against Defendant, seeking a hearing on December 23, 2024. [23-24].

As Plaintiff alleges throughout its pleadings, it has knowledge and understands most if not all defendants in this case are foreign. Yet, it sought a preliminary injunction to be granted within 5 days of service – via email – on foreign defendants. Fortunately, this Court prevented Plaintiff from such an unlawful and essentially *ex parte* preliminary injunction order, moving

1

the hearing until January 6, 2025. [27].

Defendant appeared in this action and filed its Response to Plaintiff's Motion for Preliminary Injunction on January 4, 2025. [34]. Plaintiff claims to have issued expedited discovery on Defendant on December 18, 2024; however, Defendant's Counsel did not receive the discovery requests from Plaintiff until January 6, 2025 via email. On January 13, 2025, Plaintiff filed a Motion to Compel Discovery, stating Defendant has had "ample time and opportunity" to respond. [41]. Defendant disagrees. Defendant's Counsel did not receive the discovery request from Plaintiff until a week before its Motion to Compel. Moreover, even in light of Plaintiff's alleged service on a foreign defendant via email on December 18, 2024, less than four weeks to respond to a preliminary injunction, move to reduce an unlawful asset freeze, and provide responses to such broad discovery requests – all while located abroad – is not "ample time and opportunity". Not to mention, Plaintiff crept in language to the TRO that "Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail." [20]. That is not "ample time and opportunity".

Defendant, as delineated in Plaintiff's own pleadings, is an Amazon Store, where Plaintiff has accused one of Defendant's listings of infringement. Plaintiff has had expedited discovery from third party Amazon regarding each and every category of limited expedited discovery Plaintiff is now seeking to compel from Defendant. Indeed, Amazon provides the names, contact information, address, sales quantity, sales data, amount restrained, and a full sales record of defendants in these Schedule A cases. Despite Plaintiff's claim otherwise, this is not the case and Plaintiff has had "ample time and opportunity" to retrieve this data from an independent, third party platform.

Regardless, despite Plaintiff's claim to unbounded expedited discovery, Plaintiff was

only granted limited expedited discovery. In the TRO, Plaintiff was granted limited discovery of Defendant related to:

> "a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and
> b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces." [20].

Yet, Plaintiff has issued Requests for Admission, Interrogatories, and Requests for Production – all beyond this limited scope. Defendant can copy and paste each discovery request in its entirety; however, the following examples are representative:

> "Request for Admission 11. Admit that You entered into a contract with an online marketplace, including accepting the terms that the online marketplace imposes on sellers."
> "Request for Admission 15. Admit that You received an e-mail from Plaintiff that contained a link to a website with the Complaint and TRO."
> "Request for Admission 18. Admit that You reviewed all images called for in response to Request for Production No. 3 to determine whether each product was an Accused Product."
> "Request for Admission 19. Admit that You did not perform a search to determine whether You advertised, offered for sale and/or sold Accused Products beyond the specific Accused Products identified by Plaintiff."
> "Interrogatory 4: Describe in detail Your search parameters and procedure for identifying Accused Products in response to Interrogatory No. 3."
> "Interrogatory 8: Identify what percentage of Your gross revenue were for sales to United States consumers."
> "Interrogatory 9: Identify which countries you were attempting to sell product to through Defendant's E-commerce Store."
> "Interrogatory 10: Identify all persons, other than counsel, who participated, or were consulted, in responding to these Interrogatories."
> "Request No. 4. Documents and electronically stored information relating to each communication from You to United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase confirmation e-mails and shipping confirmation e-mails."
> "Request No. 5. Documents, electronically stored information, and things sufficient to show advertisements targeting the United States, including without limitation, advertisements on social media, search engines and marketplace platforms."
> "Request No. 7. Documents, electronically stored information, and things relating to Your policies concerning retention, storage, filing, and destruction of electronic documents and

3

e-mail."

"Request No. 8. Documents, electronically stored information, and things relating to Your contracts with third parties to sell and ship Accused Products into the United States, including without limitation marketplace platforms."

"Request No. 9. All documents, electronically stored information, and things consulted or used in connection with preparation of Defendant's responses to Plaintiff's First Set of Interrogatories to Defendant and these Document Requests."

As seen above, from this large sample size, Plaintiff's discovery requests are way beyond the limited discovery previously granted by this Court.

Moreover, Defendant objects to each and every discovery requests on the grounds of over broadness and that the information is already in Plaintiff's possession or attainable by Plaintiff, as discussed above regarding Amazon already providing this information.

Nevertheless, Defendant has already produced all responsive documents within the scope of the limited expedited discovery in its Response in Opposition to Plaintiff's Motion for Preliminary Injunction. [34]. Indeed, Defendant has already provided the allegedly infringing ASIN, sales figures for not only one year – as requested by Plaintiff – but for three years, the title, description, and images of the allegedly infringing product listing, sale data for the previous year, sales data during the allegedly infringing time period, revenue and profit thereof, and advertisement and other storage and logistics information. [34].

In sum, Defendant respectfully submits that Plaintiff's Motion to Compel is nothing more than meritless motion practice, intended to harass Defendant. Defendant was not given "ample time and opportunity" to respond in light of Plaintiff's fast, *ex parte* litigation style against foreign defendants. Nevertheless, Plaintiff has had expedited discovery from Amazon.com – an independent third party – which has provided all the requested information within the scope of discovery granted by this Court. Defendant objects to Plaintiff's discovery requests on grounds of over broadness, where the requests go way beyond the limited scope of discovery granted in

the TRO, and based upon Plaintiff already having this information or having access to this information. Finally, Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction [34] contains information responsive to the limited discovery granted.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel. Defendant requests that discovery proceed in customary fashion based upon a briefing schedule proposed by Plaintiff and Defendant.

DATED January 17, 2025            Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR DEFENDANT*